UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NICKLESS RENELL WHITSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:12-cv-00973** |
| | ) | **Judge Campbell** |
| v. | ) | |
| | ) | |
| MONTGOMERY COUNTY SHERIFF'S | ) | |
| OFFICE and NORMAN LEWIS, | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

The plaintiff, an inmate at the Montgomery County Jail in Clarksville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Montgomery County Sheriff's Office and Sheriff Norman Lewis in his official capacity, alleging that the conditions of confinement at the Montgomery County Jail violate the plaintiff's civil rights. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.      PLRA Screening of the Complaint**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

1

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II.      Section 1983 Standard

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.      Analysis

First, the plaintiff names the Montgomery County Sheriff's Office as a defendant. However, sheriffs' offices and police departments are not bodies politic and, as such, are not persons within the meaning of § 1983. *See Petty v. County of Franklin, Ohio,* 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlaks by*

2

*Timberlaks v. Benton,* 786 F.Supp. 676, 682-83 (M.D. Tenn.1992)(police departments are not persons within the meaning of § 1983).

Because the plaintiff is proceeding *pro se*, the court could construe the plaintiff's claims against the Montgomery County Sheriff's Office as claims against Montgomery County, Tennessee. However, in order to bring a Section 1983 claim against a county, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir.1996).

The plaintiff contends that his civil rights are being violated because the meal servings at the jail are inadequate; there are no tables or chairs in the inmates' day room or cells; the cells are too small; the jail library lacks federal materials; and inmates are only allowed to correspond with family members via a small index card. (Docket No. 1 at p. 5). However, the plaintiff has offered nothing to suggest that his rights are being violated pursuant to a policy or regulation of Montgomery County. Thus, whether construed as a claim against the Montgomery County Sheriff's Office or Montgomery County itself, the plaintiff's allegations fail to state a claim upon which relief can be granted.

The plaintiff also alleges § 1983 claims against Sheriff Norman Lewis in his official capacity only. As such, the plaintiff is suing Sheriff Lewis's official office rather than the individual himself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In essence, then, the plaintiff's claims against Sheriff Lewis are claims against Montgomery County, the municipal entity that operates the Montgomery County Jail. *See Kentucky v. Graham*, 473 U.S. 159 (1985). As noted above,

3

however, the plaintiff has failed to allege a claim of governmental liability. Consequently, the complaint does not contain a claim upon which relief can be granted as to Sheriff Lewis in his official capacity.

## IV.    Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*.  28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

Todd J. Campbell
United States District Judge

4